ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DONALD PAXSON,<br>    Petitioner, | § § § | |
| VS. | § § | Civil Action No. 4:11-CV-482-Y |
| REBECCA TAMEZ, Warden,<br>FCI-Fort Worth,<br>    Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Donald Paxson, Reg. No. 82915-180, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rebecca Tamez is Warden of FCI-Fort Worth. No service has issued upon respondent.

## C. Procedural History

In 2007 petitioner was indicted on two counts of activities relating to material constituting or containing child pornography in the Western District of Texas, San Antonio Division. On March 25, 2008, petitioner pleaded guilty to both counts, and, on February 3, 2010, was sentenced to a term of 70 months' imprisonment on each count, the sentences to be served concurrently. *See* CM/ECF, Criminal Docket # 5:07-CR-072-OLG-I. Petitioner did not directly appeal his convictions or sentences. In November 2010 petitioner filed a § 2255 motion to vacate, set aside, or correct his sentences in the convicting court, wherein he sought time credit toward his sentences for the time he spent on pretrial home confinement and to complete the remainder of his sentences on home confinement. *Id.* On July 14, 2011, the clerk of court received for filing this federal petition under § 2241 in this division, where petitioner is currently serving his sentences.

## D. Discussion

Petitioner raises four grounds, claiming that the underlying criminal indictment was defective (grounds one and two), that his plea was rendered involuntary because the indictment and the plea agreement were not signed (ground three), and that he is actually innocent as a result. (Pet.)

Typically, 28 U.S.C. § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000); *Evans v. Jeter*, 215 Fed. Appx. 374, 375 (5th Cir. 2007) (not designated for publication in the Federal Reporter). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of a conviction or sentence if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255(e) provides that a prisoner may file a writ

of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *See Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904. One may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or restriction on filing second or successive motions to vacate. *See Pack*, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that successiveness does not make § 2255 ineffective or inadequate).

Petitioner fails to demonstrate that his claims are based on a retroactively applicable Supreme Court decision, that he was foreclosed by existing precedent from raising his claims at the time of his trial or his first 2255 motion, or that he is actually innocent of the crimes of conviction. Having had an adequate and effective opportunity to assert the instant claims, and having failed to do so, petitioner may not proceed to do so under this court's § 2241 jurisdiction. *See Prost v. Anderson*, 636 F.3d 578, 2011 WL 590334, at *6 (10th Cir. Feb. 22, 1011); *Benavidez v. Tamez*, Civil Action No. 4:07-CV-424-Y, slip copy, 2007 WL 2491854 (N.D. Tex. Sep. 5, 2007).

Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to

consider the petition. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).[1]

## II. RECOMMENDATION

It is recommended that petitioner's petition for writ of habeas corpus under § 2241 be DISMISSED for lack of jurisdiction.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 10, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Petitioner did not pay the $5.00 fee or file a petition to proceed *in forma pauperis*.

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until August 10, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July __19__, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE